## THEODORE F. BALDWIN, RESPONDENT, *v.* THOMAS MORGAN AND OTHERS, APPELLANTS.

*Right of a lessee to paint signs on the outside walls of demised premises — when he may do so in the absence of any restrictive covenant.*

The plaintiff, as a tenant, occupied the first story and basement of a portion of a building owned by the defendants, which formed part of the south-west corner of Broadway and Twenty-seventh street. For the more successful prosecution of his business, the plaintiff caused to be painted on the Twenty-seventh street wall of the first story of the building, which was embraced in the premises demised, certain pictures, signs and devices, which he regarded as suitable and appropriate for the advertising of his wares. The pictures were somewhat original in their application, striking and impressive, and seemed to be well drawn and to have been executed by a decorative painter of ability. The defendants having threatened to erase the pictures the plaintiff procured an order restraining them from so doing, from which this appeal was taken.

*Held,* that as it was shown that the paintings did not extend beyond the premises leased to the plaintiff, and the lease contained no restriction as to signs, the order should be affirmed.

That as the scenes or pictures were germain to the plaintiff's business, and not unseemly or calculated to offend the public eye, being, indeed, rather attractive and amusing, the defendants must submit to the inconvenience, if any, of their continuance.

*Ruddle* v. *Littlefield* (53 N. H., 503) followed.

APPEAL from an order continuing an injunction.

*John M. Bowers,* for the appellants.

*De Lancy Nicoll,* for the respondent.

BRADY, J.:

The plaintiff, who is a tenant of the defendants occupied, the, first story and basement of their premises, known as 1159 Broadway, and forming part of the south-west corner of Broadway and Twenty-seventh street. The premises were occupied by the plaintiff under two leases, by one of which the plaintiff leased the store for the sale of leather goods, and the other secured the basement under the store for the storage of manufactured leather goods. For the more successful prosecution of his business, the plaintiff caused to be painted on the Twenty-seventh street wall of the first story of the building, which was embraced within his lease, as we

have seen, certain pictures, signs and devices, which he regarded as suitable and appropriate for the advertising of his wares. The pictures are somewhat original in their application, striking and impressive, and they seem to be well drawn and to have been executed by a decorative painter of ability. The defendant, Thomas Morgan, who represented the defendants, threatened to erase the pictures, and the plaintiff, claiming that if the threats were carried into execution he would be injured in his business, procured an order restraining the defendants from interfering with the signs and pictures mentioned, and requiring the defendants to show cause why the restraint should not be made permanent. Upon the hearing, the defendants insisted that their premises were injured by the signs or pictures, but the court determined to continue the injunction, and hence this appeal.

The proof establishes that the paintings or signs did not extend beyond the premises leased to the plaintiff, and the leases contained no restriction as to signs. The contention of the defendants seems to be that that portion of the outer wall inclosing the plaintiff's premises is not leased, and that the paintings or signs have decreased the rental value of the premises. The wall, as it exists, is certainly a portion of the premises which were demised to the plaintiff, and he succeeded during his term to the use of that wall under his lease, subject only to the right of the landlord to prevent waste, as contended by the respondent's counsel.

It is said, in Taylor on Landlord and Tenant (page 172), that a tenant, by the right of exclusive occupation, becomes entitled to the premises in the same manner as the owner, except that he must do no act to the injury of the inheritance.

In Wood on Landlord and Tenant, section 581, it is said that unless special reservation in certain particulars is made, the tenant succeeds to all the rights of the landord ; that they are annexed to the estate, so far as the possession and enjoyment of the premises are concerned, immediately upon the commencement of his term, and it seems that an injury to the inheritance or heirs must be some permanent or material alteration, rendering it difficult, if not impossible, for the tenant, when his term expires, to surrender the premises in their original condition. ( *Winship* v *Pitts,* 3 Paige, 260.)

The precise question which may be regarded as presented for consideration in this case, namely, the right of the tenant to use the outside wall of the premises demised to him, for advertising purposes, has not been decided in this State. It has been, however, in a very well considered case in New Hampshire, which is reported in 53 New Hampshire, 503, under the title of *Riddle* v. *Littlefield*. There it appeared that the defendant had leased the outer side of the wall to three persons for advertising purposes. The plaintiff claimed the amount of rent received by him for the use of the outside wall, and the question was as to his right to recover. The court held that the tenant had acquired, by his lease, the right to the use and occupation, outside the walls of the building, to that portion of the tenement which included the store. The outside wall of the building leased passed by the lease as much as the inside of the wall. The outside of the wall, said the court, is but one side of the same wall that has a near side, and the removal of the wall removes both sides, and it was further said of the tenant : "He may suspend his wares upon the building if nobody is incommoded thereby, and he may cover the outer walls with his advertisements of the merchandise which he keeps for sale within if he does not injure the building nor obstruct the public passage, nor offend the public eye and taste, by unseemly exhibitions, or otherwise violate the laws." This doctrine is stated in Sloan on Landlord and Tenant, at page 48.

The scenes or pictures being germain to the plaintiff's business, and not being unseemly or calculated to offend the public eye, and being, indeed, rather attractive and amusing, it would seem that the defendant must submit to the inconvenience, if there be any, of the continuance of these signs or pictures. The record does not disclose any predominating facts favoring interference with the plaintiff's rights in the manner in which they have been exercised, and we are not called upon, therefore, to reverse the order appealed from, which, we think, should be affirmed, but, as the question is novel, with ten dollars costs and disbursements to abide the event.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements to abide the event.